IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ERIC MITCHELL,
    Plaintiff,

vs.                                            Case No.: 3:17cv962/LAC/EMT

MARANDA BERRY, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint (ECF No. 1), filed in late December 2017, and his subsequently filed amended complaint on the proper court form as required by the court (ECF No. 4). Plaintiff has also moved for leave to proceed in forma pauperis (ECF No. 5).

Because Plaintiff is a prisoner in the Florida Department of Corrections (FDOC), seeking redress from a governmental officer or employee of a governmental entity, the court is required to review and dismiss the case if it determines that it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. " 28 U.S.C.A. § 1915A(b). The language in this subsection tracks the language of Federal Rule of Civil Procedure 12(b)(6), and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d

1276, 1278–79 (11th Cir. 2001). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive review under § 1915A(b)(1) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to

state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff, an inmate at Walton Correctional Institution, makes allegations of false disciplinary reports, retaliation, and excessive force by Defendants at the institution. Importantly, however, Plaintiff recognized in his initial complaint that he had not completed exhaustion of the grievance process at the institution and within the Florida Department of Corrections. Plaintiff stated that he was "waiting on the grievance system . . . *before filing a civil action*" (ECF No. 1 at 1) (emphasis supplied). In fact, Plaintiff does not title his complaint as such, but as a "Notice of Intent to Sue" (*id.*). Further, as he identified his claims and allegations, he stated that "[e]ach defendant is *going to be sued* individually and in their official capacity" (*id.*) (emphasis supplied). It is therefore clear that, while Plaintiff did file papers with the court, he did not actually intend to file a complaint and proceed in this action at that time, apparently because of his awareness of the exhaustion requirement. In his subsequently filed amended complaint, Plaintiff sets out his claims in more detail, and he attaches numerous grievances to show his progression through the exhaustion process. However, as his earlier pleading presaged, the exhibits show that Plaintiff did not receive responses to his grievance appeals until early January 2018 (*see* ECF

No. 4-1 at 11 (Administrative Appeal Response dated Jan. 2, 2018), *id*. at 27 (Administrative Appeal Response dated Jan. 4, 2018) and *id*. at 35 (Administrative Appeal Response dated Jan. 5, 2018) ).  Additionally, Plaintiff also filed informal grievances in early January, 2018, thus initiating grievance processes after this lawsuit was filed as well (*id.* at 13–15, 17).

    Hence, it is clear from the face of the complaints that Plaintiff failed to exhaust his available administrative grievances before commencing suit in this court.  Title 42 U.S.C. § 1997e  provides, in relevant part:  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).  Exhaustion of all available administrative remedies is mandatory before a prisoner may file a civil suit challenging the conditions of his confinement.  42 U.S.C. § 1997e(a); <u>Booth v. Churner</u>, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also* <u>Porter v. Nussle</u>,  534 U.S. 516, 524–25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before

allowing the initiation of a federal case."); Parzyck v. Prison Health Serv., Inc., 627 F.3d 1215, 1217 (11th Cir. 2010). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *See* Porter, 534 U.S. at 524. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *See* Booth, *supra* at 734.

The grievance procedures promulgated for inmates of the Florida DOC require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary ("Central Office"). *See* Fla. Admin. Code rr. 33-103.005 to 33-103.007; *see also* Parzyck, 627 F.3d at 1218. The law of the Eleventh Circuit is clear that the PLRA's exhaustion requirement requires proper and complete exhaustion through the administrative grievance procedure created by the agency (the Florida DOC), including compliance with the agency's deadlines and other critical procedural rules. *See* Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005) (holding that § 1997e(a)'s exhaustion requirement contains "a procedural default component"—that is, prisoners must timely meet the deadlines or the good cause standard of administrative grievance procedures before filing a federal claim, and

stating that without "the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies"); Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000) (holding that "when a state provides a grievance procedure for its prisoners, . . . an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit"); Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (holding that a prisoner did not exhaust available administrative remedies where he filed an untimely grievance without seeking leave, and failed to appeal the denial of his grievance); *accord* Woodford, 548 U.S. at 94 ("Requiring proper exhaustion . . . gives prisoners an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors. This is particularly important in relation to state corrections systems because it is "difficult to imagine an activity in which a State has a stronger interest, or one that is more intricately bound up with state laws, regulations, and procedures, than the administration of its prisons."); Woodford, 548 U.S. at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines

and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings).

Importantly, a prisoner plaintiff must fully exhaust his administrative remedies *before* commencing his lawsuit in federal court.  Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (quoting Brown v. Sikes, 212 F.3d 1205, 1207 (11th Cir. 2000)).  Therefore, claims that were not exhausted at the time the prisoner filed his lawsuit must be dismissed even if the plaintiff proceeds to exhaust his administrative remedies at some future date.  Smith, 491 F. App'x at 84; *see also* Alexander, 159 F. 3d at 1324–26 (holding that there is no discretion to waive the exhaustion requirement or provide continuances in the event a claim was not exhausted prior to filing suit); Garland v. Corizon Health Services, Inc., No. 4:14cv3/RH/CAS 2014 WL 6804766, at *3 (N.D. Fla. Dec. 1, 2014).

It is recognized that the exhaustion requirement, which is treated as a matter of abatement, is an affirmative defense to be asserted by defendants, and for that reason a plaintiff is not required to plead or demonstrate exhaustion in the complaint.  Jones v. Bock, 549 U.S. 199, 216–17, 127 S. Ct. 910, 921–22, 166 L. Ed. 2d 798 (2007).  But where, as here, the court can determine that lack of proper exhaustion appears from the face of the complaint, the complaint may be dismissed.  *See* Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing Jones, 549 U.S. at 215, 127 S.

Ct at 921); *see also* Donawa v. Gilmore, 559 F. App'x 968, 969 (11th Cir. 2014); Burns v. Warden, USP Beaumont, 482 F. App'x 414, 416 (11th Cir. 2012).

Here, it is not only noticeable from the face of the complaint that Plaintiff did not complete exhaustion at the time he filed this lawsuit, but also Plaintiff freely indicates that this is the case. Plaintiff cannot "cure" this lack of exhaustion by showing that he completed the grievance process after this lawsuit was initiated. Dismissal of this action, which should be without prejudice to Plaintiff's refiling the case after exhaustion is complete, is therefore warranted. Ultimately it is advantageous for Plaintiff that the case be dismissed at this time before he—along with other parties and the court itself—waste additional time and resources before the inevitable dismissal.

Accordingly, it respectfully **RECOMMENDED**:

1. That the complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. That all pending motions be denied as moot.

At Pensacola, Florida, this 18th day of January 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**